IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID ANTHONY FALLON,                No. CIV.S-05-2132 MCE DAD PS

       Plaintiff,

  v.                                   <u>ORDER AND</u>

MAE JEAN PETERSEN,                   <u>ORDER TO SHOW CAUSE</u>

       Defendant.
_____/

       Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

       Plaintiff has not submitted the required affidavit regarding his alleged inability to pay fees, plaintiff having provided only a brief typed statement in this regard. Accordingly, the request to proceed in forma pauperis will be denied without prejudice.

/////

1

   Plaintiff's brief, difficult to decipher complaint seeks to recover damages from his mother, defendant Mae Jean Petersen, in the amount of $1,000 per day from 1974 to the present.  The complaint alleges that defendant "did convict my life to [poverty], but paid to [my] Brother, a lot of constant Money, and a Trailer to live in." (Compl. at 1.)  The complaint alleges that such financial support of plaintiff's brother is inappropriate because of the brother's alleged involvement in a number of serious crimes.  Nonetheless, no basis for federal jurisdiction is alleged.  Indeed, it appears that the court lacks subject matter jurisdiction over this matter.  <u>See</u> <u>Bell v. Hood</u>, 327 U.S. 678, 682 (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly insubstantial and frivolous" and "so patently without merit"); <u>Hagans v. Levine</u>, 415 U.S. 528, 543 (stating that a claim may be dismissed for lack of jurisdiction where it is "so insubstantial, implausible, foreclosed by prior decisions of this Court or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court").  <u>See</u> <u>also</u> <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227 (9th Cir. 1984)("A paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction and may be dismissed sua sponte before service of process.")(citations omitted).

   Accordingly, IT IS HEREBY ORDERED that:

   1.  Plaintiff's application for leave to proceed in forma pauperis is denied without prejudice to submitting an amended application.  The Clerk of the Court is directed to send plaintiff a new application to proceed without prepayment of fees and affidavit.

2

If plaintiff wishes to pursue this action, he shall properly complete and file an amended in forma pauperis application, or pay the appropriate statutory filing fee, within twenty days of the date this order is filed;

    2.  Plaintiff shall show cause in writing within twenty days of the date this order is filed why this matter should not be dismissed for lack of subject matter jurisdiction.  See Fed. R. Civ. P. 12(h)(3); and

    3.  Plaintiff is forewarned that the failure to timely comply with the terms of this order will result in a recommendation that this action be dismissed.

DATED: March 10, 2006.

                                               DALE A. DROZD
                                               UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddadl\orders.prose\fallon2132.ifp.osc